UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| BUCKHORN INC. and<br>TACONIC FARMS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>TRW AUTOMOTIVE U.S. LLC,<br><br>    Defendant.<br><br>TRW AUTOMOTIVE U.S. LLC,<br><br>    Counterclaim-Plaintiff,<br>v.<br><br>BUCKHORN INC. and<br>TACONIC FARMS, INC.,<br><br>    Counterclaim-Defendants. | CIVIL ACTION NO. 03-40233 |

**TRW AUTOMOTIVE U.S. LLC'S
<u>ANSWER AND COUNTERCLAIMS</u>**

Defendant TRW Automotive U.S. LLC ("TRW") answers the allegations asserted by plaintiffs Buckhorn Inc. ("Buckhorn") and Taconic Farms, Inc. ("Taconic") in their Complaint as follows:

1. TRW admits the allegations set forth in paragraph 1.

2. TRW admits the allegations set forth in paragraph 2.

3. On information and belief, TRW admits the allegations set forth in paragraph 3.

4. On information and belief, TRW admits the allegations set forth in paragraph 4.

- 2 -

5. Responding to the allegations set forth in paragraph 5, TRW admits that it is a Delaware corporation with its principal place of business in Livonia, Michigan.

6. Responding to the allegations set forth in paragraph 6, TRW admits that the United States Patent and Trademark Office issued U.S. Patent No. 5,572,953 ("the '953 patent"), entitled "Animal Tote," on November 12, 1996. TRW further admits that a copy of the '953 patent is attached to the Complaint. TRW denies the remaining allegations set forth in paragraph 6.

7. TRW lacks information sufficient to form a belief as to the allegations set forth in paragraph 7, and on that basis denies them.

8. On information and belief, TRW admits the allegations set forth in paragraph 8.

9. On information and belief, TRW admits the allegations set forth in paragraph 9.

10. Responding to the allegations set forth in paragraph 10, TRW admits that it has a manufacturing facility located at 180 State Road East, Westminster, Massachusetts 01473, and further admits that this manufacturing facility manufactures and sells engineered fasteners and components.

11. Responding to the allegations set forth in paragraph 11, TRW incorporates by reference its responses to paragraphs 1-10 as detailed above.

12. TRW denies the allegations set forth in paragraph 12.

13. TRW denies the allegations set forth in paragraph 13.

14. TRW denies the allegations set forth in paragraph 14.

- 3 -

## AFFIRMATIVE DEFENSES

### First Defense

15. TRW does not infringe, contribute to the infringement of, or induce the infringement of, any valid claim of the '953 patent, and has not done so in the past.

### Second Defense

16. The claims of the '953 patent are invalid by reason of one or more of the provisions of 35 U.S.C. §§ 101 *et seq*.

### Third Defense

17. Plaintiffs' claims are barred, in whole or in part, by the provision of 35 U.S.C. § 287.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, counterclaim-plaintiff TRW Automotive U.S. LLC ("TRW") alleges as follows:

18. Counterclaim-plaintiff TRW is a Delaware corporation with its principal place of business in Livonia, Michigan. TRW has an engineered fasteners and components manufacturing facility located at 180 State Road East, Westminster, Massachusetts 01473.

19. On information and belief, counterclaim-defendant Buckhorn Inc. ("Buckhorn") is an Ohio corporation with its principal place of business in Milford, Ohio.

20. On information and belief, counterclaim-defendant Taconic Farms, Inc. ("Taconic") is a New York corporation with its principal place of business in Germantown, New York.

21. This counterclaim is brought pursuant to Rule 13 of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

### Count I

*Declaration of Noninfringement of the '953 Patent*

22. TRW incorporates by reference the allegations set forth in paragraphs 18-21.

23. TRW does not infringe, contribute to the infringement of, or induce the infringement of, any valid claim of the '953 patent, and has not done so in the past.

### Count II

*Declaration of Invalidity of the '953 Patent*

24. TRW incorporates by reference the allegations set forth in paragraphs 18-23.

25. The claims of the '953 patent are invalid by reason of one or more of the provisions of 35 U.S.C. §§ 101 *et seq.*

### Demand for Jury Trial

Counterclaim-plaintiff TRW demands a trial by jury with respect to all issues so triable.

### Prayers for Relief

WHEREFORE, counterclaim-plaintiff TRW prays for relief against counterclaim-defendants Buckhorn and Taconic as follows:

A. For judgment declaring that TRW does not infringe, contribute to the infringement of, or induce the infringement of, any valid claim of the '953 patent, and has not done so in the past;

B. For judgment declaring that the claims of the '953 patent are invalid by reason of one or more of the provisions of 35 U.S.C. §§ 101 *et seq.*; and

- 5 -

    C.    For judgment declaring this an exceptional case and awarding TRW its costs and fees.

Dated: March 29, 2004

TRW AUTOMOTIVE U.S. LLC,

By its attorneys,

/s/ Denise W. DeFranco

James J. Dillon (BBO No. 124660)
Denise W. DeFranco (BBO No. 558859)
James M. Flaherty, Jr. (BBO No. 653643)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Tel. (617) 832-1000
Fax (617) 832-7000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of March, 2004, I caused a true copy of the foregoing TRW AUTOMOTIVE U.S. LLC'S ANSWER AND COUNTERCLAIMS to be served by hand upon:

>Steven M. Cowley, Esq.
>Edwards & Angell LLP
>101 Federal Street
>Boston, Massachusetts 02110

The undersigned hereby certifies that on the 29th day of March, 2004, I caused a true copy of the foregoing TRW AUTOMOTIVE U.S. LLC'S ANSWER AND COUNTERCLAIMS to be served by facsimile and U.S. mail upon:

>Paul Grandinetti, Esq.
>Levy & Grandinetti
>Suite 1108
>1725 K Street, N.W.
>Washington, D.C. 20006-1423

_____
Denise W. DeFranco