**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION**

| | |
|---|---|
| BUCKHORN INC. and<br>TACONIC FARMS, INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>TRW AUTOMOTIVE U.S. LLC,<br><br>        Defendant. | Civil Action No. 03-40233-FDS |

**JOINT STATEMENT OF THE PARTIES
PURSUANT TO LOCAL RULE 16.1(D)**

Pursuant to Rule 16.1(D) of the Local Rules of the United States District Court for the District of Massachusetts, the Plaintiffs Buckhorn Inc. ("Buckhorn") and Taconic Farms, Inc. ("Taconic"), collectively ("the plaintiffs"), and the Defendant TRW Automotive U.S. LLC ("TRW" or "the defendant") submit this Joint Statement for the Scheduling Conference on July 28, 2004.

1.    <u>Proposed Discovery Plan</u>

Pursuant to Local Rule 16.1(B), counsel for the parties have conferred in an effort to reach an agreement on a pretrial schedule. The parties have reached agreement on portions of the schedule, but were unable to reach agreement on other portions, as set forth below.

Pursuant to Local Rule 26.1(C), the parties agree that discovery should be limited to each party serving no more than the following on the opposing party: 25 Interrogatories, 25 Requests for Admission, and two sets of Requests for Production. Further, the parties agree to be limited to 10 fact depositions per side. Depositions of experts, if any, are also permitted.

Pretrial Schedule

| Agreed Date | Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|---|
| July 26, 2004 | Exchange of initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure | | |
| | Plaintiffs' initial proposed claim construction shall be served | August 30, 2004 | Not required by the Federal Rules |
| | Defendant's initial proposed claim construction shall be served | September 28, 2004 | Not required by the Federal Rules |
| | Parties meet and confer regarding the joint claim chart | October 4-8, 2004 | Not required by the Federal Rules |
| | Joint claim chart providing each party's proposed constructions with citations to intrinsic record and prior art shall be filed | October 18, 2004 | Not required by the Federal Rules |
| October 29, 2004 | All motions pursuant to Federal Rules of Civil Procedure 12, 15, 19, and 20 shall be filed | | |
| | Exchange of opening claim construction briefs | December 13, 2004 | April 29, 2005 (after close of fact discovery) |
| | Exchange of answering claim construction briefs | January 18, 2005 | May 27, 2005 (after close of fact discovery) |
| January 31, 2005 | Service of written discovery (interrogatories, requests for admission, and requests for production of documents) shall be completed | | |
| | *Markman* Hearing | February 2005 | June 2005 (after close of fact discovery) |

| | | | |
|---|---|---|---|
| February 28, 2005 | Responses to written discovery (interrogatories, requests for admission, and requests for production of documents) shall be completed | | |
| March 31, 2005 | Factual discovery cut-off | | |
| | Deadline for the Defendant's election to rely on advice of counsel and produce any opinions of counsel | 10 days after *Markman* Decision | Not required by the Federal Rules |
| | Identification of experts on issues for which the party has burden of proof, and disclosure of corresponding expert reports pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure | 20 days after *Markman* Decision | August 15, 2005 |
| | Rebuttal expert reports | 35 days after *Markman* Decision | September 12, 2005 |
| | Expert discovery cut-off | 75 days after *Markman* Decision | October 10, 2005 |
| | Dispositive motions filed pursuant to Rule 56 of the Federal Rules of Civil Procedure | August 1, 2005 | December 1, 2005 |
| | Exchange of dispositive motion opposition briefs | August 15, 2005 | January 13, 2006 |
| | Exchange of dispositive motion reply briefs, if any | August 22, 2005 | January 27, 2006 |
| | Hearing on dispositive motions | To be set by the Court | February 2006 |
| 15 days prior to pretrial conference | Motions in limine shall be filed | | |
| | Joint proposed pretrial order shall be filed | September 2005 | May 2006 |
| | Final pretrial conference | October 2005 | June 2006 |

Plaintiffs' Statement

The defendant requests a schedule that precludes any disclosure of proposed claim construction prior to the filing of briefs for the *Markman* Hearing, closes factual discovery three months prior to the *Markman* Hearing, and extends the entire pretrial schedule an additional 8 months, with a final pretrial conference scheduled more than two years after service of the complaint. The plaintiffs believe this is a simple case and, with appropriate disclosures and discussions regarding claim construction, should move forward with a relatively quick pretrial schedule. The plaintiffs have also proposed that 30(b)(6) depositions be conducted for a maximum of three, seven-hour days, if required.

Defendant's Statement

Plaintiffs' proposal unnecessarily complicates claim construction by requiring both initial claim construction contentions early in fact discovery and full claim construction briefing late in fact discovery. Claim construction is ordinarily done late in the fact discovery process or after the close of fact discovery because certain facts learned in discovery can bear on the proper construction of the claims. Moreover, claim construction contentions are typically fleshed out through the use of contention interrogatories and the like. There is no need for submission of these initial contentions to the Court. Further, plaintiffs' proposal sets a deadline for the defendant's election to rely on advice of counsel and produce any opinions of counsel; however, no such deadline is required by the Federal Rules of Civil Procedure.

2.  Certification

    The certifications required by Local Rule 16.1(D)(3) for all parties are attached hereto.

3.  Consideration of Trial by Magistrate Judge

    The parties do not consent to a trial by the Magistrate Judge.

- 5 -

4.    Settlement

Plaintiffs have made a settlement proposal as required by Local Rule 16.1(C). The parties are engaged in active settlement discussions.

5.    Bifurcation

The defendant desires a bifurcated trial scheme, under which a trial on liability would precede a trial on damages. The trial on damages, if any, would immediately follow the trial on liability.  Such a bifurcated trial scheme would avoid the judicial resources and costs associated with a trial on damages if liability was not established.

The plaintiffs do not desire a bifurcated trial scheme and do not believe it is necessary in such a simple case.

- 6 -

Respectfully submitted,

| | |
|---|---|
| BUCKHORN, INC. and<br>TACONIC FARMS, INC. | TRW AUTOMOTIVE U.S. LLC |
| By their attorneys, | By its attorneys, |
| /s/ Paul Grandinetti<br>Paul Grandinetti<br>Cameron S. Reuber<br>LEVY & GRANDINETTI<br>1725 K Street, N.W., Suite 1108<br>Washington, D.C.  20006-1423<br>Tel. (202) 429-4560<br>Fax (202) 429-4564 | /s/ Denise W. DeFranco<br>James J. Dillon (BBO No. 124660)<br>Denise W. DeFranco (BBO No. 558859)<br>James M. Flaherty, Jr. (BBO No. 653643)<br>FOLEY HOAG LLP<br>155 Seaport Boulevard<br>Boston, MA  02210<br>Tel. (617) 832-1000<br>Fax (617) 832-7000 |

Steven M. Cowley (BBO No. 554534)
EDWARDS & ANGELL LLP
101 Federal Street
Boston, Massachusetts  02110
Tel. (617) 439-4444
Fax (617) 439-4170

Dated July 21, 2004