IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

|  |  |
|---|---|
| BUCKHORN INC. and TACONIC FARMS, INC., <br><br>Plaintiffs, <br><br>v. <br><br>TRW AUTOMOTIVE U.S. LLC, <br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 03-40233-RWZ |

**STIPULATED PROTECTIVE ORDER**
**CONCERNING CONFIDENTIAL INFORMATION**

The plaintiffs, Buckhorn Inc., and Taconic Farms, Inc., by their attorneys, and the defendant, TRW Automotive U.S. LLC, by its attorneys, submit for the Court's approval the following Protective Order ("Order") concerning confidential information, which includes restricted confidential or "attorneys' eyes only" information.

1.  The term **"Confidential Information"** means and includes any and all documents, oral statements or testimony, responses to interrogatories or requests to admit, affidavits, data, or other information, including, without limitation, any copies or oral or written summaries of any of the foregoing, provided or disclosed by any of the parties in connection with this litigation which are designated in good faith as proprietary or confidential information at the time of their production or disclosure in this action. Any party wishing to designate a document or other thing produced by that party as Confidential Information shall, when it is practical to do so, stamp or otherwise mark the produced document or other thing with the word

1

"**confidential.**" In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as Confidential Information at the time of its production, that party shall have ten (10) business days, after it first becomes aware of such failure, to so stamp or otherwise designate the document or other information, which shall thereafter be treated as Confidential Information hereunder. Any Confidential Information that a party believes should not be disclosed to any officer of the other party, or to such other party's in-house counsel, may be designated as "**Restricted Confidential Information**" and marked as "**restricted confidential**" or "**attorneys' eyes only**" in the same manner as set forth in this paragraph for Confidential Information.

    2.    Only the following persons may have access to **Confidential Information** in this action, and such access is further restricted to the purpose described in paragraph 6:

        a.    One officer and two designated in-house counsel of each of the parties;

        b.    Counsel of record for the parties in this action and all partners, associates, and other employees of outside counsel in this action who are performing legal services in connection with this action;

        c.    Such other persons, including experts, as may be qualified to receive Confidential Information in this action pursuant to the provisions of paragraph 5 of this Order;

        d.    Clerical personnel and legal assistants employed by the persons listed in (b) through (c) above;

        e.    Stenographic reporters engaged in proceedings incident to trial or preparation for trial;

    f.  Outside photocopy, imaging, database, graphics, and design services retained by the persons listed in (b) above, to the extent necessary to assist such counsel in this litigation; and

    g.  Officers of this Court and their supporting personnel or officers of any appellate court to which any appeal may be taken or in which review is sought.

  3.  Only the following persons may have access to **Restricted Confidential Information** in this action, and such access is further restricted to the purpose described in paragraph 6:

    a.  Counsel of record for the parties in this action and all partners, associates, and other employees of outside counsel in this action who have a legitimate need to see such documents for the purpose of this action, excluding any employees, officers and directors of any party or competitor of any party;

    b.  Any person not an employee of a party who is expressly retained or sought to be retained by a party or any attorney described in paragraph 3(a) to assist in preparation of this action for trial, or trial, with disclosure only to the extent necessary to perform such work, so long as such person is qualified to receive Confidential Information in this action pursuant to the provisions of paragraph 5 of this Order;

    c.  Clerical personnel and legal assistants employed by the persons listed in (a) and (b) above; and

    d.  The persons described in paragraphs 2(e) through (g).

  4.  All persons identified in paragraphs 2(a), 2(c), or 3(b) hereof shall, prior to receiving any Confidential Information or Restricted Confidential Information, acknowledge the terms of this Protective Order by executing two copies of the "Acknowledgment" of this

Protective Order appended as Exhibit A. One of the two executed copies shall be provided to counsel for the plaintiffs and the second executed copy shall be provided to counsel for the defendant.

     5.    In addition to the persons defined in paragraphs 2 and 3 hereof, other people, who are reasonably necessary to assist trial counsel of record for any party in the preparation for trial or trial of this action, may be qualified to have access to Confidential Information or Restricted Confidential Information through the following procedures:

     a.    Any party proposing any such person shall submit to the other party a written statement setting forth the name of such proposed person, his or her occupation and curriculum vitae, and business address, his or her relationship to the party, if any, and the proposed reason for the person to have access to the Confidential Information or Restricted Confidential Information;

     b.    Unless the notified party informs the proposing party of any objection in writing within five (5) business days after the receipt of the written statement, such person shall thereafter be allowed to have access to Confidential Information or Restricted Confidential Information, as applicable, pursuant to the terms and conditions of this Order;

     c.    Should any party in a timely manner notify the proposing party of its objection to any such proposed person, which objection shall be made in good faith and on reasonable grounds, the proposing party shall refrain from any disclosure of Confidential Information or Restricted Confidential Information to such person until the objection has been resolved between the parties or ruled upon by the Court;

    d.  No party shall use its rights to object to a proposed person to interfere with the ability of the other party to reasonably prepare for trial through the use of employed or outside experts; and

    e.  All such persons shall, prior to receiving any Confidential Information or Restricted Confidential Information, acknowledge the terms of this Protective Order by executing two copies of the "Acknowledgment" attached hereto as Exhibit A. One of the two executed copies shall be provided to counsel for the plaintiff and the second executed copy shall be provided to counsel for the defendant.

  6.  Confidential Information and Restricted Confidential Information shall be used only for the purpose of prosecuting, defending, preparing for trial or trial of this action. Confidential Information and Restricted Confidential Information shall not be used by the recipient for any business, commercial, or competitive purpose. Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as Confidential Information or Restricted Confidential Information to an individual who either authored or was copied on the distribution of the document, as indicated on the document's face, prior to the filing of this action; or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as Confidential Information or Restricted Confidential Information.

  7.  Confidential Information, Restricted Confidential Information, and the substance or context thereof, including any notes, memoranda, or other similar documents relating thereto, shall not be disclosed to anyone other than a person qualified to have access and such disclosure is limited to the purpose described in paragraph 6.

  8.  The signing of this Order or the failure of a party, at the time it receives

Confidential Information or Restricted Confidential Information, to challenge or object to the confidential designation shall not be deemed a waiver of its rights to challenge or object to the confidential designation at any later time.

    a.    In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved by the parties within a reasonable time period, then the party challenging the designation may request appropriate relief from the Court. The burden of proving that information has been properly designated as Confidential Information or Restricted Confidential Information shall be on the party making such designation.

    b.    The inadvertent production of documents subject to a claim of attorney-client privilege and/or work product immunity shall not per se constitute a waiver of such privilege and/or immunity. Upon learning that such an inadvertent production was made, the producing party shall promptly notify the receiving party and specifically identify the documents that were inadvertently produced. The receiving party shall, upon being so notified, within five (5) business days return the identified documents and all copies to the producing party without limitation or qualification, and destroy all notes or other written documents, or all portions thereof, that incorporate, reference, include or otherwise reflect any privileged or immune information contained within such inadvertently produced documents or move for an order that such documents are not privileged or that any privilege has been waived. The receiving party's return of the documents shall be without prejudice to its right to move for an order compelling production of the documents on grounds of waiver or any other ground.

9. Inspection, receipt, or filing under seal by a party of information, a document or thing designated as Confidential Information or Restricted Confidential Information hereunder shall not constitute a concession by that party that the information, document or thing is Confidential Information or Restricted Confidential Information. Nor shall the designation of information, documents or things as Confidential Information or Restricted Confidential Information be construed as an admission that such Confidential Information or Restricted Confidential Information is relevant or material to any issues in this action.

10. Any receiving party which is served with a subpoena or other notice compelling the production of any Confidential Information or Restricted Confidential Information produced by a producing party is obligated to give prompt written notice to the producing party of such subpoena or other notice. Such notice shall, in any event, be given by the fifth business day after service of the subpoena or other notice. If the producing party takes steps to oppose the subpoena, then the party served with the subpoena shall not disclose the pertinent information until the Court has resolved the issue. Absent Court order, production or disclosure shall not in any event be made before notice is given to the producing party and the producing party has had at least ten (10) business days to react. Upon receiving such notice, the producing party shall bear the burden to oppose, if it deems appropriate, the subpoena on grounds of confidentiality.

11. Confidential Information and Restricted Confidential Information shall not include any documents, information, or other material which:

    a. has been or becomes part of the public domain by publication or otherwise, other than by any unauthorized act or omission on the part of the receiving party (including its agents, experts, or attorneys) or a nonparty alleged to have a duty to maintain such documents, information, or other material as confidential; or

    b.  was both lawfully obtained by and lawfully retained in the possession of the receiving party prior to and apart from this litigation; or

    c.  the receiving party lawfully receives from a nonparty who obtained the same by legal means and without any obligation of confidentiality to the party claiming its confidential nature.

  12.  If Confidential Information or Restricted Confidential Information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every effort to prevent further disclosure.

  13.  Any persons in possession of Confidential Information or Restricted Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody, or use of Confidential Information or Restricted Confidential Information in order to ensure that the confidential nature of the same is maintained.

  14.  Any pleading, paper, or other document filed in this action which contains or discloses Confidential Information or Restricted Confidential Information shall be filed under seal. The parties have agreed to the following procedure for filing under seal: To the extent that it is necessary to file Confidential Information or Restricted Confidential Information or any document or pleading disclosing contents of Confidential Information or Restricted Confidential Information in connection with proceedings in this lawsuit, the party wishing to file any such Confidential Information or Restricted Confidential Information shall move, pursuant to Local Rule 7.2, for an order of impoundment in the form attached hereto as Exhibit B. Such Confidential Information and Restricted Confidential Information shall be filed with the Clerk of the Court in a sealed envelope bearing the caption of the case and the label "DOCUMENTS

UNDER SEAL. CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER" or as otherwise directed by the Court. The materials so filed shall be impounded until sixty (60) days after the entry of final judgment herein, at which time the counsel who submitted the Confidential Information or Restricted Confidential Information shall certify to opposing counsel that the materials have been retrieved. Counsel shall retain it, subject to further order of the Court, for thirty (30) days after the final termination of this litigation, including any applicable appeal period. The materials shall thereafter be handled in accordance with this Protective Order.

15. When Confidential Information or Restricted Confidential Information is discussed, quoted, or referenced in any deposition, the disclosing party shall ensure that only persons qualified to have access are present.

16. When Confidential Information or Restricted Confidential Information is incorporated in a transcript of a deposition, hearing, trial, or other proceeding, the disclosing party shall arrange with the reporter to preserve the confidentiality of such information.

17. For a period beginning with the date of each deposition in this action and ending fifteen (15) business days after receipt of the transcript by the attorneys for the parties to the action, the entire deposition and all exhibits thereto shall be treated as Restricted Confidential Information. Thereafter, testimony will be treated as Confidential Information or Restricted Confidential Information only if the party disclosing the information notifies the opposing party and the court reporter in writing within fifteen (15) business days of the receipt of the transcript of those pages and lines that are Confidential or Restricted Confidential. Information disclosed at a deposition that is not designated as Confidential Information or Restricted Confidential Information under the procedure set forth above shall not thereafter be designated as or deemed

to be Confidential or Restricted Confidential. Upon agreement of the parties, the preliminary designation of depositions as Restricted Confidential Information may be waived or lifted prior to the end of the initial fifteen (15) business day period.

18. The obligations of this Order shall survive the termination of the action and continue to bind the parties and any people receiving Confidential Information or Restricted Confidential Information under this Order. Within sixty days after the termination of this action by judgment, settlement, or otherwise, each party shall make reasonable efforts to return to the producing party (to the extent actually produced by the producing party) or to destroy all documents containing or disclosing Confidential Information or Restricted Confidential Information, and all copies thereof, whether in the possession of the party, their counsel, or experts. Each party's trial counsel shall have the right to retain documents constituting work product, a copy of pleadings, deposition transcripts, and deposition or trial exhibits.

19. This Order is not intended to address any discovery objections on the grounds of attorney-client privilege or work product or to preclude any party from seeking relief either from a provision of this Order or any other relief from this Court which may be appropriate under the Federal Rules of Civil Procedure.

20. The term **"documents"** as used in this Order includes but is not limited to the following items, whether printed, microfilmed, computerized, electronically recorded in sound and/or pictures, or reproduced by any process, or written or produced by hand, and regardless of whether claimed to be privileged, confidential, or personal: letters, correspondence, memoranda, e-mail, computer storage media, reports, summaries, notes, removable adhesive notes, notebooks, sketches, prints, photographs, printed forms, manuals, brochures, diaries, books, lists, publications, agreements, working papers, wage surveys, intracompany and intercompany

communications, forecasts, statistical statements, graphs, charts, plans, drawings, minutes or records of meetings or conferences, policy statements, circulars, and any and all other writings. The above items include any and all other materials of any tangible medium of expression and original or preliminary notes, including drafts, typing, printings, minutes, or copies or reproductions thereof.

21. An entity which is not a party to this litigation may take advantage of the protection provided by this Order, and such entity shall be entitled to all rights and protections afforded the parties under this Order.

22. All notices required by this Protective Order are to be served via hand delivery, facsimile, email, or overnight delivery, such as FEDEX, to the appropriate attorney(s) at Levy & Grandinetti and Foley Hoag LLP. The date by which a party shall respond, or otherwise take action, shall be computed from the date when notice is received.

23. This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 22, inclusive.

Respectfully submitted,

| | |
|---|---|
| BUCKHORN, INC. and<br>TACONIC FARMS, INC. | TRW AUTOMOTIVE U.S. LLC |
| By their attorneys, | By its attorneys, |

_/s/ Steven M. Cowley_                             _/s/ James M. Flaherty_

Steven M. Cowley (BBO No. 554534)       James J. Dillon (BBO No. 124660)
EDWARDS & ANGELL LLP                  Denise W. DeFranco (BBO No. 558859)
101 Federal Street                                 James M. Flaherty, Jr. (BBO No. 653643)
Boston, Massachusetts 02110                FOLEY HOAG LLP
Tel. (617) 439-4444                             155 Seaport Boulevard
Fax (617) 439-4170                              Boston, MA 02210
                                                     Tel. (617) 832-1000
Paul Grandinetti                                  Fax (617) 832-7000
Cameron S. Reuber
LEVY & GRANDINETTI
1725 K Street, N.W., Suite 1108
Washington, D.C. 20006-1423
Tel. (202) 429-4560
Fax (202) 429-4564

Dated: August 24, 2004

**IT IS SO ORDERED:**

_____            _____
Date                                                 **United States District Judge**

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

|  |  |
|---|---|
| BUCKHORN INC. and<br>TACONIC FARMS, INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>TRW AUTOMOTIVE U.S. LLC,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 03-40233-FDS<br>)<br>)<br>)<br>)<br>) |

### ACKNOWLEDGMENT

The undersigned acknowledges that he/she has read the Protective Order that was entered by the Court in the above-captioned matter, that he/she is one of the persons contemplated in paragraphs 2, 3 or 5(a) thereof authorized to receive disclosure of information designated Confidential Information or Restricted Confidential Information, as applicable, by one or more of the parties, and that he/she fully understands and agrees to abide by the obligations and conditions of the Protective Order, including submission to the jurisdiction of this Court with respect to any issues arising thereunder.

_____          _____
Date                                                              (Signature)

                                                                            _____
                                                                            (Printed Name)

                                                                            _____
                                                                            (Title or Position)

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WORCESTER DIVISION

|  |  |
|---|---|
| BUCKHORN INC. and TACONIC FARMS, INC., ) ) ) ) Plaintiffs, ) ) v. ) ) TRW AUTOMOTIVE U.S. LLC, ) ) Defendant. ) ) | Civil Action No. 03-40233-FDS |

**[PROPOSED] ORDER OF IMPOUNDMENT**

There having been filed a motion requesting impoundment of certain Confidential Information or Restricted Confidential Information within the meaning of the Stipulated Protective Order entered by the Court on _____, and it appearing that there is good cause to impound such Confidential or Restricted Confidential Information;

IT IS HEREBY ORDERED that the material identified as follows: _____, shall be impounded until sixty (60) days after the entry of final judgment herein. Thereafter, the Confidential Information or Restricted Confidential Information shall, subject to further order of the Court, be returned to counsel for the party who filed it.

_____

Dated: _____